**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0596n.06
Filed: August 20, 2007

**06-1753**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| PAMELA JEAN FORTON and LINWOOD EUGENE MUNSELL, Joint Personal Representatives of the Estate of Tracy Walsh, Deceased, | ) ) ) ) ) | |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| OGEMAW COUNTY, | ) ) | |
| Defendant, | ) ) | |
| BONNIE McCORMICK, GARY COWDREY, VINCE TOMASSI, BRIAN GILBERT, and STEVE PIZZALA, | ) ) ) ) | |
| Defendants-Appellees. | ) | |

Before: BATCHELDER and DAUGHTREY, Circuit Judges, and ACKERMAN,[*] District Judge.

**PER CURIAM.** Plaintiffs Pamela Jean Forton and Linwood Eugene Munsell, personal representatives of the estate of Tracy Walsh, appeal from the grant of summary judgment to employees of the Ogemaw County, Michigan, jail on a 42 U.S.C. § 1983 claim seeking damages for Walsh's death while she was incarcerated at the facility. Forton and

---

[*]The Honorable Harold A. Ackerman, United States District Judge for the District of New Jersey, sitting by designation.

Munsell alleged that the defendants were deliberately indifferent to Walsh's serious medical needs, in violation of the Eighth and Fourteenth Amendments to the United States Constitution. The district court disagreed, concluding that the plaintiffs had failed to establish that the jail personnel had "subjectively perceived facts from which to infer substantial risk to the prisoner, that [they] did in fact draw the inference, and that [they] then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

The tragic sequence of events that ultimately resulted in Walsh's death commenced on September 22, 2004, when the then-34-year-old woman was incarcerated in the Ogemaw County jail as a result of a third drunk-driving conviction. On October 20, 2004, after conducting a routine on-site medical evaluation of Walsh, defendant Bonnie McCormack, a licensed practical nurse, noted that the prisoner had "swellings on neck," suffered from gastrointestinal problems, and currently took "Visteral, Seriquel, and Paxil." Walsh registered no medical complaints with the jail officials, however, until November 8, 2004, when she stated on a medical request form that "[s]omething is wrong with my neck. It hurts really bad and I can barely move my neck. Swollen really bad."

As a result of her complaint, Walsh was examined again by McCormack, by physician assistant Brian MacAuley, and by Dr. Michael Beasley at the Evergreen Clinic. Because Dr. Beasley was unsure of the cause for the swelling and because Walsh did not appear to be in discomfort at the time of that latter examination, Dr. Beasley scheduled the prisoner for a return trip to the clinic and for a CAT scan approximately two weeks later, on

November 23.  Before that day arrived, however, Walsh began complaining of difficulty breathing and was diagnosed by another physician assistant at the Evergreen Clinic as suffering from an upper respiratory infection.  Later complaints from Walsh about her breathing difficulties were met with additional examinations by or consultations with McCormack, with a prescription for use of an Albuterol inhaler, and by close monitoring of the patient from an observation cell at the jail.  Because of her claustrophobia, however, Walsh requested that she be returned to the female jail block.  Immediately upon her arrival in the "female max cell," "she went straight over to the wall and slid down the wall," and died.  A subsequent autopsy revealed that Walsh's death resulted from a malignant growth – an "upper mediastinal tumor encircling her aortic arch, trachea and esophagus." In the aftermath of that finding, the plaintiffs filed this suit against McCormack and numerous other employees of the jail.

In ruling upon the summary judgment motion filed by the defendants, the district judge correctly recognized that a § 1983 deliberate indifference claim has both objective and subjective components.  *See Farmer v. Brennan*, 511 U.S. 825 (1994).  Although the court ruled that the plaintiffs satisfied the objective portion of the relevant legal test by establishing Walsh's serious medical condition, the district judge also ruled that they could not adduce evidence showing that the defendants both recognized an existing substantial risk of harm to Walsh and then deliberately disregarded it.  To the contrary, the district court noted that the defendants relied upon diagnoses made by medical professionals at the Evergreen Clinic – diagnoses that failed to alert them to the danger posed by the

swelling at the base of Walsh's neck. Furthermore, the defendants, far from deliberately disregarding a serious medical condition, continued to follow proper protocol in alerting medical professionals about Walsh's condition, treating Walsh's symptoms as directed, and observing the prisoner to ensure her safety and well-being.

Although we have some question about the correctness of the district court's determination that the objective component of the plaintiffs' deliberate indifference claim was established on the record, given the fact that the existence and aggressiveness of the malignant tumor that killed Tracy Walsh was not discovered until the autopsy was performed after her death, there is no question concerning the plaintiffs' failure to produce evidence sufficient to establish the subjective component of a deliberate indifference claim, as required by *Farmer v. Brennan*. The district court's extensive opinion granting the defendants' summary judgment motion otherwise expertly discusses all the relevant facts of the case and applies the appropriate legal principles to them. As a result, the issuance of an additional detailed opinion by this court would be merely duplicative of the thorough explication provided by Judge Lawson and would serve no useful or precedential purpose. We therefore AFFIRM the judgment of the district court upon the reasoning set out in the district court's memorandum opinion filed on May 19, 2006.